UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALDO RAY JOHNSON, JR.,**

      **Plaintiff,**

v.                                     **Case No:  6:17-cv-442-Orl-37TBS**

**CHARLES J. ROBERTS, PHIL ARCHER, A.B. MAJEED and ANDREW REID,**

      **Defendants.**
_____/

# ORDER

This cause is before the Court on Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 4). Plaintiff is a pretrial detainee proceeding *pro se*. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:

    (b)    Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court

must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff is suing State Judges Charles J. Roberts and A.B. Majeed, State Attorney Phil Archer, and Public Defender Andrew Reid for violation of his constitutional rights. (Doc. 1 at 2-4). Specifically, Plaintiff contends Judge Roberts and State Attorney Archer allowed Public Defender Reid to waive Plaintiff's right to speedy trial without his permission. (*Id*. at 5). Plaintiff also complains Judge Majeed denied him bond. (*Id*.). Plaintiff requests $2 million for punitive damages and $10,000 for each day he is incarcerated. (*Id*. at 6-7).

To the extent Plaintiff is suing his appointed public defender, "[a]n attorney, whether appointed by the state or privately retained, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Amaro v. Vedder*, 317 F. App'x 193, 194 (3rd Cir. 2009) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008). Thus, Plaintiff's claim against Defendant Reid must be dismissed.

Moreover, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). Likewise, prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118

(1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones*, 174 F.3d at 1281 (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate). Thus, Defendants Roberts, Majeed, and Archer are cloaked with immunity for their alleged improper activities which are associated with Plaintiff's criminal proceeding.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of the Court is directed to enter judgment, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Parties